FILED
SUPERIOR COURT
OF GUAM

2021 OCT 15 PM 1: 30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0042-20 |
| vs. | DECISION AND ORDER |
| WILLIAM PAUL MAKA,<br><br>Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 13, 2021, for hearing on Defendant **WILLIAM PAUL MAKA'S** ("Defendant") Motion for Civil Compromise. Present remotely via Zoom were Assistant Attorney General Minji E. Kim on behalf of the People of Guam ("the Government") and Assistant Public Defender John P. Morrison on behalf of Defendant. Defendant was not present. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's Motion for Civil Compromise.

## BACKGROUND

On January 23, 2020, Defendant was charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). (Magistrate's Compl., Jan. 23, 2020). These charges stem from allegations that Defendant was yelling and throwing pots and pans and when his uncle, Andrew Hansek Pangelinan, walked away to avoid argument, Defendant struck his face causing his nose to bleed. (Decl. of Brendlynn O. Joseph,

Magistrate's Compl., Jan. 23, 2020). Officers responding to the incident observed swelling, redness, ad a bump on the left side of Mr. Pangelinan's face as well as redness to his nose area with dry suspected blood on the nostril area. *Id.*

On August 6, 2021, Defendant filed the instant Motion. On August 17, 2021, the Government filed its Opposition. On September 13, 2021, the parties submitted on their briefs and the Court placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss this matter because he and the alleged victim have reached a civil compromise under to 8 GCA § 80.90. *See generally*, Mot. Civil Compromise, Aug. 6, 2021. The Government opposes, arguing that dismissal due to civil compromise is prohibited in this matter because there is no satisfaction for injury. *See generally*, Opp'n, Aug. 17, 2021.

Attached to the Motion is an Affidavit signed by the alleged victim, Mr. Pangelinan, indicating that he does not want to pursue the case, that he waives any claims for restitution, and that he has received satisfaction for my injury and wishes to compromise this case civilly. *See* Affidavit in Support of Mot. Dismiss Due to Civil Compromise (Mot. Civil Compromise at 4), Aug. 6, 2021. As the Government sets forth in its Opposition, however, it is not clear how the alleged victim received satisfaction for his injury or if any actual civil agreement was reached.

Under Guam law:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90.

Here, Defendant is charged with two misdemeanors: Family Violence and Assault. Section 80.90 does not explicitly state that the statute is inapplicable to crimes of family violence, however, civil compromise is typically limited to cases involving monetary restitution for property damages. California law, which served as the basis for Guam's civil compromise statute, excludes family violence offenses from its civil compromise statute. *See* 8 G.C.A. § 80.90, Note; Cal. Pen. Code §§ 1377, 1378. California Penal Code Section 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in section 1378, *except* when it is committed as follows:
>   (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
>   (b) Riotously.
>   (c) With an intent to commit a felony.
>   (d) In violation of any court order as described in Section 273.6 or 273.65.
>   (e) *By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*
>   (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
>   (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

The Court recognizes that unlike California, Guam did not enact the specific prohibition of family violence cases from the civil compromise statute. However, the rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim has actually received satisfaction for the injury, but because the prosecution of family violence cases is of interest to the public. Family violence cases frequently involve victims who, because of their status or relationship to the defendant, may be unduly influenced to civil compromise. Thus, civil compromise of family violence matters does not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal. Rptr. 761, 768 (1982). Accordingly, the Court will not allow this matter to be dismissed under the civil compromise statute.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Civil Compromise. A remote Status Hearing is set for **October 18, 2021** at **10:30 a.m.** via teleconference.

**IT IS SO ORDERED** this 15th day of October, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, PDSC_

Date: 10/15/21 Time: 1:36pm

Deputy Clerk, Superior Court of Guam